IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ZONE D'EROTICA, d.b.a. | ) | |
| JOHNNY O'S | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 05-4156-CV-W-GAF |
| | ) | |
| | ) | |
| JAY NIXON, in his official capacity | ) | |
| as Attorney General of the State of | ) | |
| Missouri | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court are cross Motions for Summary Judgment, filed pursuant to Fed. R. Civ. P. 56(c) by Plaintiff, Zone D'Erotica, d.b.a. Johnny O's ("Plaintiff") and Defendant, Jay Nixon, in his official capacity as Attorney General of the State of Missouri ("Defendant"). (Doc. #26, #49). The issue presented is whether Mo. Rev. Stat. § 226.531 ("§ 226.531") is unconstitutional as applied to Plaintiff. Id. For the reasons set forth more completely below, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

## DISCUSSION

**I.  Facts**

The statutory language at issue in this case provides as follows:

"226.531.  1. As used in this section the following terms, mean:

(1) "Adult cabaret," a nightclub, bar, restaurant, or similar establishment in which persons appear in a state of nudity, as defined in Section 573.500, RSMO, or semi-nudity, in the performance of their duties;

(2) "Semi-nudity," a state of dress in which opaque clothing fails to cover the genitals, anus, anal cleft or cleavage, pubic area, vulva, nipple, and areola of the female breast below a horizontal line across the top of the areola at its highest point. Semi-nudity shall include the entire lower portion of the female breast, but shall not include any portion of the cleavage of the human female exhibited by wearing apparel provided the areola is not exposed in whole or part;

(3) "Sexually oriented business," any business which offers its patrons goods of which a substantial portion are sexually oriented materials. Any business where more than ten percent of display space is used for sexually-oriented materials shall be presumed to be a sexually-oriented business;

(4) "Sexually oriented materials," any textual, or three dimensional material that depicts nudity, sexual conduct, sexual excitement, or sadomasochistic abuse in a way which is patently offensive to the average person applying contemporary adult community standards with respect to what is suitable for minors.

2. No billboard or other exterior advertising sign, for an adult cabaret or sexually oriented business shall be located within one mile of any state highway except if such business is located within one mile of a state highway then the business may display a maximum of two exterior signs on the premises of the business, consisting of one identification sign and one sign solely giving notice that the premises are off limits to minors. The identification sign shall be no more than forty square feet in size and shall include no more than the following information: name, street address, telephone number, and operating hours of the business.

3. Signs existing at the time of the effective date of this section, which did not conform to the requirements of this section, may be allowed to continue as a nonconforming use, but should be made to conform within three years from August 28, 2004.

4. Any owner of such a business who violates the provisions of this section shall be guilty of a class C misdemeanor. Each week a violation of this section continues to exist shall constitute a separate offense.

5. This section is designated to protect the following public policy interests of this state, including but not limited to: to mitigate the adverse secondary effects of sexually oriented businesses, to improve traffic safety, to limit harm to minors, and to reduce prostitution,

crime, juvenile delinquency, deterioration in property values, and lethargy in neighborhood improvement efforts."

Plaintiff operates two lingerie and novelty stores in St. Louis County. (Doc. #46). Plaintiff sells textual, pictorial or three dimensional materials depicting nudity and sexual conduct, as well as lingerie, swimwear, dresses, robes, masquerade costumes, oils and lotions, incense, body jewelry, and stuffed animals. Id. Approximately ten to twenty-five percent of the materials sold at Plaintiff's store are considered "sexually oriented materials." Id. Therefore, Plaintiff is a sexually oriented business as defined by § 226.531.1(3). Id.

Plaintiff's premises is located within one mile of a state highway, and Plaintiff currently displays signs on its premises which are more than forty square feet in size and which provide more information than the business name, street address, telephone number, and operating hours of the business. Id. Plaintiff currently engages in billboard and outdoor advertising and desires to expand its business through the continued use of billboards. Id. The signs Plaintiff wishes to maintain would advertise both the sexually oriented products and the non-sexually oriented products offered for sale at Plaintiff's business. Id.

Plaintiff argues that § 226.531 is a content-based attempt at prior restraint and censorship of a business which is entitled to some level of First Amendment protection. (Doc. #26). Plaintiff further contends that it is not a "sexually oriented business," and claims that § 226.531 is unconstitutionally overbroad in its definition of "sexually oriented business," thereby violating Plaintiff's rights under the First Amendment to the United States Constitution ("First Amendment"). Id. Plaintiff argues that § 226.531's purpose of mitigating the adverse secondary effects of sexually oriented businesses, while legitimate, has

3

no relevance to Plaintiff because Plaintiff is not properly classified as a "sexually oriented business." Id.

Defendant argues that § 226.531 is a permissible regulation of sexually oriented businesses' commercial speech, and that § 226.531 is valid because it combats the adverse secondary effects of sexually oriented businesses. (Doc. #49). Defendant further argues that Plaintiff is properly classified as a "sexually oriented business" under § 226.531. Id.

**II.     Legal Standard**

The parties filed these Motions for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. According to this Rule, summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering these Motions, the Court views all facts in the light most favorable to the non-moving party and gives the benefit of all reasonable inferences. Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 366 (8th Cir. 1997). The Court will not weigh the credibility of the evidence, but rather will focus on whether a genuine issue of material fact exists for trial. Roberts v. Browning, 610 F.2d 528, 531 (8th Cir. 1979); United States v. Porter, 581 F.2d 698, 703 (8th Cir. 1978).

**III.    Analysis**

As a preliminary matter, the Court notes that the parties agree on all of the facts set forth above. Because the parties do not dispute any of the facts, no genuine issue of material fact exists to preclude summary judgment and the only remaining question is whether, on these facts, judgment as a matter of law is appropriate.

In this Court's February 18, 2005 Order denying a plaintiff's motion for temporary restraining order and preliminary injunction in Passions Video, Inc. v. Nixon (Case No. 04-0760-CV-W-GAF), and in this Court's August 2, 2005 order granting summary judgment to the defendant in that case, this Court addressed the constitutionality of § 226.531 as it relates to sexually oriented materials. In Passions Video, this Court concluded that, with regard to sexually oriented materials, § 226.531 was a constitutional regulation of commercial speech. In so finding, the Court engaged in a comprehensive analysis of the constitutionality of § 226.531 under the test for the regulation of commercial speech as set forth in Central Hudson Gas & Electric v. Public Service Comm'n, 447 U.S. 557, 563 (1980). Accordingly, the Court will not revisit this issue.

The Plaintiff in the instant case argues that, although this Court justified the application of § 226.531 to sexually oriented businesses which have been linked in the past to the negative secondary effects of sexually oriented businesses, that application has no support in reference to this Plaintiff because only ten to twenty-five percent of its products are properly considered sexually oriented materials.[1] However, a governmental entity is entitled to rely on the experience of other jurisdictions in determining the needs to be addressed in relation to sexually oriented businesses–new studies and independent evidence are not needed so long as the evidence relied upon is reasonably believed to be relevant to the problem sought to be addressed. *See* City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 51-52 (1986).[2]

---

[1] The plaintiff in Passions was purely an adult business.

[2] In drafting, proposing, and passing Senate Bill 870, State Senator Matt Bartle relied upon the experiences of other jurisdictions including New Jersey, Minnesota, California, and St. Louis, Missouri. (Doc. #46).

5

Plaintiff further argues that § 226.531's definition of "sexually oriented business" is not narrowly tailored because it classifies a business as sexually oriented "where more than ten percent of display space is used for sexually-oriented materials." (Doc. #26). In support of its argument, Plaintiff relies on Encore Videos, Inc. v. City of San Antonio, 330 F.3d 288 (5th Cir. 2003) for the proposition that classifying businesses such as the Plaintiff's as "sexually oriented" violates the rule enunciated in City of Renton, which requires statutes aimed at "secondary effects" to be "narrowly tailored" to target those effects, without targeting speech. A time, place, and manner regulation is narrowly tailored if it "targets and eliminates no more than the exact source of the evil it seeks to remedy." Encore Videos, 330 F.3d at 294 *quoting* Frisby v. Schultz, 487 U.S. 474, 485 (1988).

In Encore Videos, the statute at issue defined a sexually oriented business as one "that devotes over 20% of its inventory or floor space to sexually oriented materials," and forbade any business falling within the statute's definition from locating within 1000 feet of another sexually oriented business or of a residential area. Encore Videos, 330 F.3d at 294. The Court in Encore Videos found that the secondary effects studies relied upon by the City "[did] not support the City's extensive regulation of sexually oriented businesses." Id.

The statute in the instant case, unlike the sweeping regulation in Encore Videos, is narrowly tailored to eliminate only the secondary effects specifically associated with advertising that a business is sexually oriented. As this Court explained in Steele Retail 37, LLC v. Nixon (Case No. 05-4254-CV-W-GAF), decided October 25, 2005, § 226.531 does not ban all advertising by sexually oriented businesses, nor does § 226.531 ban all outdoor and billboard advertising by sexually oriented businesses. The Court stated, "Section 226.531.5 clearly indicates that the legislature intended to combat adverse secondary

6

effects, which can only be associated with the sexually oriented *aspects* of sexually oriented businesses. The text of § 226.531 does not suggest that the advertising of gasoline, apparel, food, or any other non-adult product is associated with the secondary effects described in § 226.531.5." Id. at 6. (emphasis in original).

Thus, § 226.531 prohibits sexually oriented businesses from displaying billboard or other exterior advertising within one mile of any state highway which advertises the fact that the business sells sexually oriented materials or is a sexually oriented business. Neither the plain language nor the intent of § 226.531 is designed to limit sexually oriented businesses' advertising in a manner inconsistent with combating the adverse secondary effects associated with advertising that a business is sexually oriented.[3] Because § 226.531 is targeted to eliminate only the secondary effects associated with advertising that a business is sexually oriented, § 226.531 meets the narrow tailoring requirement.

## **CONCLUSION**

Section 226.531 is a permissible regulation of sexually oriented businesses' commercial speech. Further, § 226.531 is narrowly tailored to combat only the adverse secondary effects associated with advertising that a business is sexually oriented. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.[4]

---

[3]Defendant's arguments in the instant case mischaracterize this Court's Steele Retail ruling. Defendant states, "In other words, § 226.531 does not prohibit Steele Retail...from allowing other businesses [to advertise] their products on Steele Retail's premises." While Defendant's statement is correct, this Court's Steele Retail ruling also made clear that § 226.531 does not prohibit sexually oriented businesses themselves from advertising for their own non-sexually oriented products.

[4]With its Motion for Summary Judgment, the Plaintiff submitted an image of one of its billboards. In light of this Court's Steele Retail ruling, Plaintiff states, "It may be that a simple finding by this Court that this billboard does not advertise a sexual aspect of this business may be sufficient to

7

**IT IS SO ORDERED.**

                                                    /s/ Gary A. Fenner
                                                    GARY A. FENNER, JUDGE
                                                       United States District Court

DATED:   March 31, 2006

---

terminate the dispute by the parties." (Doc. #50). This Court does not provide advisory opinions. Section 226.531 clearly prohibits Plaintiff from advertising, within one mile of a state highway, the fact that Plaintiff sells sexually oriented materials or is a sexually oriented business. Section 226.531 provides an unambiguous definition of "sexually oriented materials" and "sexually oriented business."